NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1707
_____

UNITED STATES OF AMERICA

v.

JOSE PABLO PEREZ-ARIAS,
                                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 07-cr-00756-004
(Honorable Dennis M. Cavanaugh)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2011

Before:  McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*.

(Filed:  June 17, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Jose Pablo Perez-Arias pleaded guilty to one count of conspiring to conduct

financial transactions involving proceeds of specified unlawful activity and one count of

intentional distribution of more than five kilograms of cocaine, knowing the cocaine

would be unlawfully imported into the United States. He was sentenced to eighty-seven

months' imprisonment and five years' supervised release. On appeal, Perez-Arias contends he was entitled to a downward departure based on minor role. He also contends his sentence was unreasonable because it failed to reflect the greater culpability of a co-defendant. We will affirm.

I.

In February 2006, Perez-Arias began negotiating with an individual to obtain assistance laundering proceeds Perez-Arias held in the United States from illegal narcotics trafficking. Unbeknownst to Perez-Arias, that individual was a confidential FBI informant. On April 4, 2006, Perez-Arias arranged for a co-conspirator to deliver approximately $248,526 to the informant's associate in Puerto Rico. This money was then transferred via wire to Perez-Arias's co-conspirators in Colombia, Miguel Hernandez Amezquita-Machado and John Wilson Vasquez-Martinez. Perez-Arias received a portion of the money.

Perez-Arias subsequently negotiated with the informant to sell multiple kilograms of cocaine. On August 22, 2006, Perez-Arias exchanged approximately six kilograms of cocaine with the informant for $13,200 in a hotel in Bogota, Colombia. Perez-Arias knew the cocaine would be unlawfully imported into the United States and shipped to Newark, New Jersey.

On September 17, 2007, a grand jury indicted Perez-Arias, Amezquita-Machado, Vasquez-Martinez, and two co-defendants on eleven counts of various drug-related and money laundering offenses. Perez-Arias was charged with one count of money laundering in violation of 18 U.S.C. § 1956(a)(1) and (h) for conspiring to conduct

2

financial transactions involving proceeds of specified unlawful activity, knowing the transactions were designed to conceal the nature, location, source, ownership, and control of the proceeds and to avoid a transaction reporting requirement under federal law. He was also charged with one count of intentional distribution of more than five kilograms of cocaine, knowing the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959 and 960(b)(1) and 18 U.S.C. § 2. On December 5, 2007, Colombian authorities arrested Perez-Arias, and he was later extradited to the United States. On October 7, 2009, he pleaded guilty.

In a Presentence Report (PSR), the United States Probation Office recommended a base offense level of eight for the money laundering count under U.S.S.G. § 2S1.1 and a twelve-level increase under U.S.S.G. § 2B1.1(b)(1)(G) because Perez-Arias laundered more than $200,000 but less than $400,000. The PSR recommended a further six-level increase under U.S.S.G. § 2S1.1(b)(1) because he knew or believed the funds were the proceeds of an offense involving the manufacture, importation, or distribution of a controlled substance. The PSR recommended a final two-level increase under U.S.S.G. § 2S1.1(b)(2)(B) because Perez-Arias was convicted under 18 U.S.C. § 1956. The PSR recommended a total offense level of twenty-eight for the money laundering count.

The PSR recommended a base offense level of thirty-two for the distribution count under U.S.S.G. § 2D1.1(c)(4) because Perez-Arias delivered more than five and less than fifteen kilograms of cocaine. It recommended a two-level reduction under the "safety valve" of U.S.S.G. §§ 5C1.2 and 2D1.1(b)(11) because Perez-Arias had no criminal history points, did not threaten or use violence, did not cause injury in committing the

3

offense, did not lead others in the offense or engage in a continuing criminal enterprise, and truthfully provided all information he possessed concerning the offenses. The PSR recommended a total offense level of thirty for the distribution count.

The PSR recommended a combined offense level of thirty-two for Perez-Arias under U.S.S.G. § 3D1.4, adding one level for each count to the higher offense level. It recommended a three-level reduction under U.S.S.G. § 3E1.1(a) and (b) for accepting responsibility. The PSR concluded no mitigating role adjustment was warranted under U.S.S.G. § 3B1.2 because Perez-Arias "had other individuals acting on his behalf." PSR 34. Overall, the PSR recommended a total offense level of twenty-nine which, combined with Perez-Arias's lack of criminal history and safety valve reduction, resulted in an advisory sentencing guideline range of 87 to 108 months' imprisonment. The District Court, after hearing argument, determined a mitigating role adjustment was unwarranted and sentenced Perez-Arias to eighty-seven months' imprisonment followed by five years' supervised release. Perez-Arias timely appealed.[1]

II.

On appeal, Perez-Arias contends the court erred in denying his request for a downward departure based on minor role.[2] Section 3B1.2 of the Sentencing Guildelines

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] We "must sustain a district court's factual findings as to a § 3B1.2 . . . minor role adjustment unless those findings are clearly erroneous." *United States v. Perez*, 280 F.3d 318, 351 (3d Cir. 2002). Because the District Court's determination is "heavily dependent upon the facts of a particular case," U.S.S.G. § 3B1.2, cmt. n.3(C), "district courts are allowed broad discretion in applying this section." *United States. v. Isaza*-Zapata, 148 F.3d 236, 238 (3d Cir. 1998). We will reverse only if we are "left with the definite and

4

provides for a two-level decrease if the defendant was a "minor participant" in an offense:

> A defendant's eligibility for minor participant status turn[s] on whether the defendant's involvement, knowledge, and culpability were materially less than those of other participants. This determination depends upon the following: (1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture.

*United States v. Brown* 250 F.3d 811, 819 (3d Cir. 2001) (internal quotation marks omitted).

Perez-Arias intentionally laundered significant proceeds from illegal drug trafficking. He orchestrated a sophisticated, international transaction designed to conceal illicit activity from U.S. law enforcement. He also sold cocaine he knew would be illegally imported into the United States for a substantial sum of money. Based on these facts, the court did not clearly err in concluding Perez-Arias did not deserve a decrease in offense level based on minor role.

### III.

Perez-Arias also contends the District Court imposed an unreasonable sentence that failed to reflect the greater culpability of co-defendant Amezquita-Machado.[3] 18

---

firm conviction that a mistake has been committed." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (internal quotation marks omitted).

[3] We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Grier*, 475 F.3d at 571 (internal quotations marks omitted). We are deferential to the District Court's application of these factors, and "will affirm . . . unless no reasonable sentencing court would have

U.S.C. § 3553(a)(6) requires sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Amezquita-Machado received a sentence of ninety months' imprisonment after pleading guilty to one count of laundering approximately $377,004 and one count of distributing approximately six kilograms of cocaine.[4] Amezquita-Machado's PSR recommended the same total offense level and advisory sentencing guideline range as was recommended for Perez-Arias.

Congress enacted § 3553(a)(6) "to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case. . . . Therefore, a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Furthermore, Perez-Arias's and Amezquita-Machado's sentences differ by three months, reflecting the $128,478 disparity in money laundered. While the District Court did not explicitly justify the sentencing disparity on these grounds, the court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). The District Court properly applied the required § 3553(a) factors, concluding Perez-Arias should be sentenced at the lowest end of the guideline range. It

---

imposed the same sentence on that particular defendant for the reasons the District Court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).
[4] On motion of the government, the court dismissed four other counts of money laundering against Amezquita-Machado.

did not abuse its discretion in sentencing Perez-Arias to eighty-seven months'
imprisonment.

IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.